**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Patrick McNamara, | ) | Case No.: 3:08-cv-2789 |
| Plaintiff, | ) | Judge James G. Carr |
| v. | ) | **DEFENDANT REUBEN** |
| | ) | **MANAGEMENT'S ANSWER TO** |
| Ohio Building Authority, et al. | ) | **PLAINTIFF'S COMPLAINT** |
| Defendants. | ) | Stephen J. Stanford   (0019758) |
| | ) | Lisa L. Nagel       (0073797) |
| | ) | Robison, Curphey & O'Connell |
| | ) | Ninth Floor, Four Seagate |
| | ) | Toledo, Ohio 43604 |
| | ) | (419) 249-7900 |
| | ) | (419) 249-7911 – facsimile |
| | ) | Sstanford@rcolaw.com |
| | ) | Lnagel@rcolaw.com |
| | ) | |
| | ) | Attorneys for  Defendant |
| | ) | Reuben Management |
| | ) | |

Now comes Defendant Reuben Management ("Reuben"), and for its answer to Plaintiff Patrick McNamara's ("Plaintiff") Complaint ("Complaint"), and numbering each paragraph 1 through 83 to correspond to the paragraphs in the Complaint to which it is responsive, states that it:

1.      Reuben states it is without knowledge or information sufficient to form a belief as to whether Patrick McNamara, M.D. is a physician whose multiple physical disabilities forced him to retire from practice.  Further answering, Reuben states that building access policies are developed by Defendant Ohio Building Authority.   Further answering, Reuben denies that it illegally discriminated against Plaintiff in violation of Title II and Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§12131 *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 ("Section 504"), or any related statute, and also denies that it prevented Dr. McNamara from having access to government services supplied by a wide range of state and local government agencies.

2.      Reuben is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 2 of the Complaint, and therefore denies the same.

3.      Reuben is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 3 of the Complaint, and therefore denies the same.

4.      Admits that Dr. McNamara arrived at the DiSalle Building on August 16, 2007 and that the Ohio Civil Rights Commission has offices location on the 9th floor of that building. Reuben is without knowledge or information sufficient to form a belief as to whether Dr. McNamara had a scheduled appointment with the Ohio Civil Rights Commission.  Reuben admits that a representative of Reuben Management had a conversation with Plaintiff in regard to his use of a Segway in the building.  Reuben denies any remaining averments that reference the Ohio State Highway Patrol as Reuben is not associated with, and does not represent, the Highway Patrol's interests.

5.      Reuben denies the averments of paragraph 5 of the Complaint.

6.      Reuben denies the averments of paragraph 6 of the Complaint.

7.      Reuben denies the averments of paragraph 7 of the Complaint.

8.      Reuben denies the averments of paragraph 8 of the Complaint to the extent they contain legal conclusions to which no response is required.

9.      Reuben is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9 of the Complaint.

10.      Reuben denies the averments of paragraph 10 of the Complaint to the extent they contain legal conclusions to which no response is required.  Further answering, Reuben is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 10 of the Complaint.

11.      Reuben denies the averments of paragraph 11 of the Complaint to the extent they contain legal conclusions to which no response is required.  Further answering, Reuben is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 11 of the Complaint.

12.      Reuben admits the OBA built and owns the DiSalle Building and denies the remaining averments of paragraph 12 of the Complaint.

13.      Reuben admits that Reuben Management is an Ohio corporation located at 24 South Huron Street, Toledo, Ohio 43602, that it manages the DiSalle Building, and that it has acted as an agent or representative of OBA.  Reuben denies the remaining averments of paragraph 13 of the Complaint.

14.      Reuben is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 14 of the Complaint.

15.     Reuben is without knowledge or information sufficient to form a belief as to the averments of paragraph 15 of the Complaint.

16.     Reuben is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 16 of the Complaint.

17.     Reuben is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 17 of the Complaint.

18.     Reuben is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 18 of the Complaint.

19.     Reuben is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 19 of the Complaint.

20.     Reuben is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 20 of the Complaint.

21.     Reuben admits that, in addition to the OCRC, the DiSalle Building also houses other governmental entities.  Reuben is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 21 of the Complaint.

22.     Reuben is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 22 of the Complaint.

23.     Reuben admits that Dr. McNamara was informed about the OBA's written policy prohibiting Segways in the building.  Reuben is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 23 of the Complaint.

24.     Reuben is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 24 of the Complaint.

25.     Reuben admits that Building Manager, Michael Sullivan was present on August 16, 2007 for a portion of the time when Plaintiff was present in the building.  Reuben denies the remaining averments of paragraph 25 of the Complaint.

26.     Reuben admits the averments of paragraph 26 of the Complaint.

27.     Reuben answers that the OBA's Policy speaks for itself.

28.     Reuben answers that the OBA's Policy speaks for itself.  Reuben denies the remaining averments of paragraph 20 of the Complaint.

29.     Reuben denies the averments of paragraph 29 of the Complaint.

30.     Reuben denies the averments of paragraph 30 of the Complaint.

31.     Reuben denies the averments of paragraph 31 of the Complaint.

32.     Reuben admits that Dr. McNamara was told he could park the Segway by the console and denies the remaining averments of paragraph 32 of the Complaint.

33.     Reuben denies the averments of paragraph 33 of the Complaint.

34.     Reuben denies the averments of paragraph 34 of the Complaint.

35.     Reuben admits that after Dr. McNamara indicated he needed assistance, Mr. Sullivan procured a wheelchair for him.

36.     Reuben is without knowledge or information sufficient to form a belief as to the truth of  the averments of paragraph 36 of the Complaint, and therefore denies the same.

37.     Reuben is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 37 of the Complaint, and therefore denies the same.

38.     Reuben denies the averments of paragraph 38 of the Complaint.

39.     Reuben denies averments of paragraph 39 of the Complaint.

40.     Reuben admits that Trooper Grizzard pushed Dr. McNamara to the OCRC office in the wheelchair, and that Mr. Sullivan accompanied them to the lobby portion of the OCRC.

41.     Reuben denies the averments of paragraph 41 of the Complaint.

42.     Reuben denies the averments of paragraph 42 of the Complaint.

43.     Reuben denies the averments of paragraph 43 of the Complaint.

44.     Reuben denies the averments of paragraph 44 of the Complaint.

45.     Reuben denies the averments of paragraph 45 of the Complaint.

46.     Reuben denies the averments of paragraph 46 of the Complaint.

47.     Reuben is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 47 of the Complaint, and therefore denies the same.

48.     Reuben is without knowledge or information sufficient to form a belief as to truth of the averments of paragraph 48 of the Complaint, and therefore denies the same.

49.     Reuben is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 49 of the Complaint, and therefore denies the same.

50.     Reuben is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 50 of the Complaint, and therefore denies the same.

51.     Reuben is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 51 of the Complaint, and therefore denies the same.  Further answering, Reuben states that any findings from the OCRC speak for themselves.

52.     Reuben is without knowledge or information sufficient to form a belief as to truth of the averments of paragraph 52 of the Complaint, and therefore denies the same.

53.     Reuben is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 53 of the Complaint.

54.     Reuben is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 54 of the Complaint, and therefore denies the same.

55.     Reuben denies the averments of paragraph 55 of the Complaint.

56.     Reuben denies that the averments of paragraph 56 of the Complaint.

57.     Reuben is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 57 of the Complaint.

58.     Reuben denies the averments of paragraph 58 of the Complaint.

59.     Reuben denies the averments of paragraph 59 of the Complaint.

60.     Reuben denies the averments of paragraph 60 of the Complaint.

61.     Reuben denies the averments of paragraph 61 of the Complaint.

62.     Reuben denies the averments of paragraph 62 of the Complaint.

63.     Reuben denies the averments of paragraph 63 of the Complaint.

64.     Reuben denies the averments of paragraph 64 of the Complaint.

65.     Reuben denies the averments of paragraph 65 of the Complaint.

66.     Reuben denies the averments of paragraph 66 of the Complaint.

67.     Reuben incorporates the above admissions and denials as if fully rewritten

herein.

68.     Reuben denies the averments of paragraph 68 of the Complaint.

69.     Reuben denies the averments of paragraph 69 of the Complaint.

70.     Reuben denies the averments of paragraph 70 of the Complaint.

71.     Reuben denies the averments of paragraph 71 of the Complaint.

72.     Reuben denies the averments of paragraph 72 of the Complaint.

73.     Reuben incorporates the above admissions and denials as if fully rewritten

herein.

74.     Reuben denies the averments of paragraph 74 of the Complaint.

75.     Reuben denies the averments of paragraph 75 of the Complaint.

76.     Reuben denies the averments of paragraph 76 of the Complaint to the extent they

contain legal conclusions, and denies any remaining averments in paragraph 76.

77.     Reuben denies the averments of paragraph 77 of the Complaint.

78.     Reuben incorporates the above admissions and denials as if fully rewritten

herein.

79.     Reuben denies the averments of paragraph 79 of the Complaint.

80.     Reuben denies the averments of paragraph 80 of the Complaint.

81.     Reuben denies the averments of paragraph 81 of the Complaint.

82.     Reuben denies the averments of paragraph 82 of the Complaint.

83.     Reuben denies the averments of paragraph 83 of the Complaint.

84.     Reuben denies each and every averment in the Complaint that has not hereinabove been expressly admitted to be true and, further answering, states that:

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

85.     Plaintiff's Complaint fails to state a claim against Reuben Management upon which relief can be granted.

## SECOND DEFENSE

86.     Plaintiff has failed to exhaust and/or appropriately elect applicable administrative remedies.

## THIRD DEFENSE

87.     Plaintiff has failed to join all necessary and indispensable parties to this case.

## FOURTH DEFENSE

88.     Any and all claims asserted by Plaintiff in the Complaint are barred under pertinent statutory provisions and common law, including limitations, fraud, and illegality, and by equitable principles, including estoppel, laches, unclean hands and waiver, and by fundamental principles of fairness.

## FIFTH DEFENSE

89.     Plaintiff failed to mitigate and minimize damages, if any, alleged in the Complaint.

## SIXTH DEFENSE

90.     All matters, injuries, damages and losses, if any, averred in the Complaint were directly and proximately caused or contributed to by the fault of persons or entities other than Reuben Management.

**SEVENTH DEFENSE**

91.     To the extent Plaintiff seeks non-economic damages, emotional distress damages are not recoverable under the ADA.

**EIGHTH DEFENSE**

92.     Reuben is entitled to a set-off from any verdict or judgment entered against it of any amount paid to Plaintiff by any other person or entity, including but not limited to any party to this action or previous party to this action.

**NINTH DEFENSE**

93.     Reuben's actions on the date in question resulted solely from its enforcement of Defendant Ohio Building Authority's policy regarding Segway usage in the building.  Reuben complied with all its statutory, regulatory, and contractual obligations.

**TENTH DEFENSE**

94.     The property is readily accessible to and usable by individuals with disabilities.

**ELEVENTH DEFENSE**

95.     Plaintiff was never denied access to One Government Center, and Reuben reasonably accommodated Plaintiff's alleged disability on August 16, 2007.

**RESERVATION OF RIGHTS**

Reuben hereby gives notice that it intends to rely upon and utilize such other affirmative defenses as may become available or apparent during the course of investigation, discovery and/or trial and reserves the right to amend this Answer to assert any such defense or to conform to the evidence and the right to file such additional counterclaims, cross-claims and/or third-party complaints as may be appropriate.

WHEREFORE, Defendant Reuben Management demands that Plaintiff's Complaint be dismissed with prejudice, in its entirety, and that Defendant be awarded its reasonable costs and attorneys fees sustained herein.

## JURY DEMAND

Reuben requests a trial by jury.

Respectfully submitted,

*/s/ Lisa L. Nagel*
Stephen J. Stanford
Lisa L. Nagel
Robison, Curphey & O'Connell
Ninth Floor, Four SeaGate
Toledo, OH 43604
(419) 249-7900
(419) 249-7911 – facsimile

Attorneys for Defendant
Reuben Management

## CERTIFICATE OF SERVICE

Toledo, Ohio
February 26, 2009

This is to certify that a copy of the foregoing *Defendant Reuben Management's Answer to Plaintiff's Complaint* was filed electronically this 26th day of February, 2009, in accordance with the Court's Electronic Filing Guidelines.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Lisa L. Nagel*
An Attorney for Defendant
Reuben Management